IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

RAYDALE R. MITCHELL,            )
                               )
        Petitioner,            )
                               )    14-cv-473-jdp
    v.                         )    11-cr-83-jdp
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
                               )

U.S.C.A. - 7th Circuit
R E C E I V E D

DEC 12 2016  #5

GINO J. AGNELLO
CLERK

## MOTION FOR CERTIFICATE OF APPEALABILITY

Comes Now, Raydale R. Mitchell, petitioner pro se, files this instant Motion for Certificate of Appealability in light of the recent denial of his 28 U.S.C. § 2255 by the United States District Court For The Western District of Wisconsin, on October 31, 2016. Raydale R. Mitchell seeks a certificate of appealability from the court of appeals under Federal Rule of Appellate Procedure 22.

### SUMMARY

Petitioner Raydale R. Mitchell, previously filed a pro se motion under 28 U.S.C. § 2255, seeking to vacate his conviction under the Supreme Court ruling in Johnson v. United States, 135 S.Ct. 2551 (2015).

Additionally, petitioner would also include the more recent Supreme Court ruling in Mathis v. United States, No. 15-6092.

Petitioner contends that in light of Johnson and Mathis his prior convictions for Illinois Armed Robbery, 720 ILCS 5/18-2(a)(b), are no longer crimes of violence.

In Johnson v. United States, the court held:

The Supreme Court, Justice Scalia, held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, overruling James v. U.S., 550 U.S. 92, 127 S.Ct. 1586, 167 L.Ed.2d 532, and Sykes v. U.S., - U.S. - , 131 S.Ct. 2267, 180 L.Ed.2d 60 and abrogating U.S. v. White, 571 F.3d 365, U.S. v. Daye, 571 F.3d 225, and U.S. v. Johnson, 616 F.3d 85.

The Supreme Court held:

The government violates the Due Process Clause by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. U.S.C.A. Const Amend. 5.

The government is not in the position to request that this court deny petitioner a certificate of appealability because the government sentenced petitioner under the ACCA's "residual clause" and these factors alone violated the Constitution's guarantee of due process. See Johnson v. United States, 135 S.Ct. 2551 (2015). No procedural bar can eliminate a due process claim.

In Mathis v. United States, No. 15-6092, the Court held:

Mathis v. United States, No. 15-6092, S.Ct. (June 23, 2016) (holding that the "categorical approach" requires that a sentencing court look only to the elements of the statute of conviction, and therefore that courts may not decide whether to count a conviction by determining which of multiple alternative "means of commission" a defendant used to commit an offense, even if those means are explicitly listed in the statute of conviction). In his concurring

opinion, Justice Kennedy specifically discussed his concerns regarding the operation of the categorical approach, and suggested that Congress could amend the statutory provisions to address some of the ongoing concerns. See id. at *13 (Kennedy concurrence).

(End of Report Excerpt)

Additionally, in Supreme Court case Mathis v. United States, S.Ct. No. 15-6092, the Supreme Court held that if a state statute provides alternative means for committing an element of a crime, it does not qualify defendant to sentencing enhancement as a violent offender under ACCA.

## PROCEDURAL HISTORY

Petitioner Raydale R. Mitchell, in 2012, appearing before District Judge Barbara Crabb, For the Western District of Wisconsin, Mitchell pleaded guilty to distributing heroin in violation of 21 U.S.C. § 841(a)(1). Judge Crabb sentenced Mitchell to 168 months of imprisonment.

According to the presentence report, Mitchell had two prior convictions for crimes of violence, Armed Robbery in the Circuit Court for Cook County Illinois (88 CR1639602); and Aggravated Battery in the Circuit Court for Dane County, Wisconsin (case No. 03CF909). This made Mitchell a Career Offender under United States Sentencing Guidelines § 4B1.1(a) and (b)(3). His offense level was 29, after three levels had been deducted for acceptance of responsibility, and his guideline sentencing range was 151 to 188 months. Alternatively, Mitchell had an identical offense level

of 29 based on the amount of heroin involved in the transactions, which placed him at level 30, U.S.S.G. § 2D1.1(a)(5) and (c)(5), minus the three-level decrease for acceptance of responsibility, plus two levels for his role as an organizer, U.S.S.G. § 3B1.1(c).

According to the presentence investigation report's statement that the total amount of distributed heroin was 893.64 grams (795 grams estimated by the informants working with the government, along with only 98.64 grams actually produced and bought in the controlled buy).

Mitchell has filed a motion for postconviction relief under 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel in his criminal proceedings. He followed with a motion to amend his petition to include an argument that his sentence under the career-offender sentencing guideline is unconstitutional under Johnson v. United States, 135 S.Ct. 2551 (2015).

In a recent case, the full panel of the Court of Appeals for the Seventh Circuit concluded that the "residual clause" of guideline § 4B1.2(a) was unconstitutionally vague. United States v. Hurlburt, No. 15-1686, 2016 WL 4506717 at *7 (7th Cir. Aug. 29, 2016) (en banc) (citing Johnson v. United States, 135 S.Ct. 2551 (2015)).

Mitchell contends that his prior conviction for Illinois Armed Robbery under 720 ILCS 5/18-2(a)(b) are no longer crimes of violence and no longer survives the categorical approach.

4

## JURISDICTION

In 2012, appearing before United States District Judge Barbara Crabb, For The Western District of Wisconsin, Mitchell was sentenced to 168 months of imprisonment. See United States v. Mitchell, No. 11-cr-83-jdp (W.D. Wis. June 1, 2012).

Raydale R. Mitchell is currently in custody at the United States Penitentiary in Marion, Illinois.

## CAREER OFFENDER

The presentence report concluded that Mitchell qualified as a Career Offender as he had two or more prior convictions for a crime of violence.

As relevant here, § 4B1.2(a)(2) defines "crime of violence" as including "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that...(2) is burglary of a dwelling...or otherwise involves conduct that presents a serious potential risk of injury to another."

First of all, let's address the issue that the District Court's analysis guides them to the conclusion that even if Mitchell was not designated as a Career Offender, he would have received the same sentence using the drug quantity and organizer guidelines. This is incorrect. The court does not accurately reflect the fact that if Mitchell sheds the career offender label he would fully be eligible for the two-level reduction commonly known as "Drugs Minus Two." This would reduce his guidelines range by two level to a 27, significantly lower than his previous guideline range of 151-188 months. Mitchell would have received a sentence not only lower than the 168 months he received, but also

5

lower than the 151-188 guideline range he was deemed by the presentence report. So by this fact alone, the district court's analysis that Mitchell would have received the same sentence without the career offender enhancement, falls short on the record and is incorrect.

**The District Court's Assumption That Mitchell's Prior Conviction For Armed Robbery Is Still A Violent Felony Under The Force Clause Is A Question Of Prejudice:**

Even if the Court entertains the Government's contention that Mr. Mitchell's motion is "ultimately and exclusively reliant" on Johnson v. United States, 599 U.S. (2010) (Johnson I), lacks merit. Whether a prior conviction that has been invalidated by Johnson II's holding striking the residual clause still qualifies under the force clause is a question of prejudice that must be answered under current law, as required by the Supreme Court's holding in Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). See Mosby v. Senkowski, 470 F.3d 515, 524 (2nd Cir. 2006) ("the Supreme Court has held that current law should be applied retroactively for purposes of determining whether a party has demonstrated [Strickland] prejudice").

As numerous courts have found, the availability of the residual clause to support a career offender sentence establishes a due process violation sufficient to trigger an inquiry into whether the error was prejudicial. These decisions include:

> * In re Adams, 825 F.3d 1283, 1286 (11th Cir. 2016) (granting petition to file second or successive petition under 28 U.S.C. § 2255(h), and holding that, although Florida burglary statute's construction implicated Descamps v. United States, 133 S.Ct. 2276 (2013), "it is not an independent claim that is itself subject to the gate-keeping requirements");

* In re Chance, 831 F.3d 1335, 1339-41 (11th Cir. 2016) (disagreeing with In Re Moore, 830 F.3d 1268 (11th Cir. 2016), and holding that the defendant need not prove he was sentenced using the residual clause as a pre-condition to relief);

* United States v. Christian, -- Fed. Appx -- , 2016 WL 4933037 (9th Cir. Sept. 16, 2016) (accepting Government's concession that, in sentencing defendant, the district court "relied at least in part on the unconstitutionally vague residual clause of the ACCA's 'violent felony' definition" and vacating sentence);

* United States v. Winston, __ F. Supp.3d __, 2016 WL 4940211 at *2-*4 (W.D. Va. 2016) (finding it would have been futile for defendant to bring a petition prior to Johnson II, because the Government could and would have used the residual clause as an escape hatch, and rejecting Government's claim that Winston's petition "relied upon" Johnson I);

* United States v. Ladwig, __ F. Supp.3d __, 2016 WL 3619640, at *3-*5 (E.D. Wash. June 28, 2016) (finding that both precedent and public safety policy interests in avoiding potentially inconsistent decisions caused by the application of old law weighed in favor of applying current law);

* United States v. Harris, 2016 WL 4539183, at *9 (M.D. Penn. 2016) (rejecting Government's argument that defendant's challenge to prior conviction "is untimely or that Defendant's motion is really an untimely Descamps claim");

* United States v. Diaz, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) (concurring with reasoning of Ladwig);

* United States v. Navarro, 2016 WL 125830, at *3 (E.D. Wash. 2016) (finding that defendant had neither an incentive nor a mechanism to challenge his ACCA sentence until Johnson II declared the residual clause unconstitutional);

* United States v. Gomez, 2016 WL 1254014, at *3 (E.D. Wash. March 10, 2016) (§ 2255 motion properly filed under Johnson II was not rendered untimely because defendant's motion cited Descamps in support).

As the Eleventh Circuit observed in Chance, the required showing that a habeas petitioner must make is "simply that the [ACCA] may no longer authorize his sentence as that statute

stands after Johnson — not proof of what the judge said or thought
at a decades-old sentencing." 831 F.3d at 1341. As the district
court cogently noted in Ladwig, the inherently complex nature of
Johnson II claims shows the wisdom of this approach:

> Attempting to recreate the legal landscape at the time
> of a defendant's conviction is difficult enough on its
> own. But in the context of Johnson claims, the inquiry
> is made more difficult by the complicated nature of the
> legal issues involved. This area of the law has accurately
> been described as a "hopeless tangle," ... and has stymied
> law clerks and judges alike in a morass of inconsistent
> case law. An inquiry that requires judges to ignore
> intervening decisions that, to some degree, clear the
> mire of decisional law seems to beg courts to reach
> inconsistent results. Current case law has clarified the
> requisite analysis and applying that law should provide
> greater uniformity, helping to ensure that like defendants
> receive like relief.

2016 WL 3619640, at *5 (internal citations omitted).

In sum, the Government's effort to assert a defense is
contrary to Supreme Court precedent and misunderstands the showing
a habeas petitioner must make in order to obtain relief under
28 U.S.C. § 2255. In the context of Johnson II claims, a showing
that the sentence could have been predicated on the unconstitutional
residual clause is sufficient to trigger relief. Any further
inquiry into the validity of the sentence under the remaining valid
provisions of the career offender simply goes to prejudice. Mr.
Mitchell's claim properly relies on and is timely under Johnson II.
Until that decision, any challenge he may have brought to the
classification of his offense under the force clause would have
been futile because the Government could have invoked the residual
clause as an escape hatch.

In accordance with the authority in Fed. R. Civ. Proc. 7 and 8, Mr. Mitchell respectfully notes the additional authority of Doriety v. United States, Case No. C16-0924-JCC (W.D. Wash. Nov. 10, 2016) in support of his Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Mr. Doriety was designated a career offender after he pleaded guilty to unarmed bank robbery, and sentenced to a term of 100 months' imprisonment. His predicate offenses were also for unarmed federal bank robbery. In pertinent part, the district court rejected the Government's claims that Mr. Doriety's arguments were based on Johnson v. United States, 559 U.S. 140 (2010) ("Johnson I"), and Descamps v. United States, 133 S.Ct. 2276 (2013), and accordingly rejected the Government's contention that his challenge to his career offender sentence, which was filed within one year of the decision in Johnson v. United States, 135 S.Ct. 2551 (2015), was time-barred. Order at 8-11. The Court further found that federal bank robbery is broader than generic robbery, and therefore does not constitute a "crime of violence" under U.S.S.G. § 4B1.2.

## ARGUMENT

The definition of "crime of violence" can be found in USSG § 4B1.2, which states:

>     (a)   The term "crime of violence" means any offense
>     under federal or state law, punishable by imprisonment
>     for a term exceeding one year, that—
>           (1)   has as an element the use, attempted use, or
>           threatened use of physical force against the
>           person of another, or

(2)  is burglary of a dwelling, arson, or
extortion, involves use of explosives, or
otherwise involves conduct that presents
a serious potential risk of injury to
another.

The application notes further provide: "For purposes of this

guideline... 'Crime of violence' includes murder, manslaughter,

kidnapping, aggravated assault, forcible sex offenses, robbery,

arson, extortion, extortionate extension of credit, and burglary

of a dwelling." USSG § 4B1.2, cmt. 1 (2015).

Mitchell's present challenge is based on the final clause

of USSG § 4B1.2(a)(2), which pertains to an offense that

"otherwise involves conduct that presents a serious potential

risk of injury to another." This clause is identical to the

so-called "residual clause" of the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The United States Supreme

Court recently declared the ACCA residual clause to be

unconstitutionally vague. See Johnson v. United States, 135

S.Ct. 2551, 2557 (2015) ("Johnson II"). The Supreme Court

subsequently held that Johnson II applies retroactively to

defendants whose sentences were enhanced under the ACCA residual

clause. Welch v. United States, 136 S.Ct. 1257, 1265 (2016).

The Supreme Court has not yet determined whether Johnson and

Welch apply equally to offenders who were sentenced under USSG

§ 4B1.2(a)(2). However, this Court recently answered that

question in United States v. Hurlburt, No. 15-1686, 2016, (7th

Cir. 2016).

In response to the district court's denial and argument that (1) Mitchell's sentence was not based on § 4B1.2(a)(2)'s residual clause and thus Mitchell cannot establish constitutional error, and (2) Mitchell cannot show harm because his prior conviction for Armed Robbery still were qualifying predicate crimes irrespective of the residual clause.

The Government mischaracterizes the nature of Mitchell's claim. He argues that it was "constitutional error for the residual clause to have been made available as the legal basis for holding his instant and prior convictions to be crimes of violence." The inclusion of Johnson I and Descamps are relevant to both the harmless error analysis and whether it was more likely than not the Court sentenced Mitchell under the residual clause, but do not form the basis for his § 2255 motion.

Because Johnson II and Welch set forth a new, retroactive rule, and because this Court finds it applicable to USSG § 4B1.2, Mitchell's motion is timely and has merit.

Mitchell admits that he neither contemporaneously objected, nor argued on direct appeal, that the Guidelines residual clause was unconstitutional, but maintains that he can show cause and prejudice. But the court should note, however, that in Johnson II, the petitioner did not make a vagueness argument at the Supreme Court, and it was the Court that asked for supplemental briefing and argument on vagueness. See United States v. Johnson, 135 S.Ct. 2551 (2015).

## RELIANCE ON THE RESIDUAL CLAUSE

Mitchell now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it was unconstitutional under Johnson II. If his conviction for Illinois Armed Robbery, Ill. Crim Code, Ch. 38 § 18-1, 18-2(a)(b) were not a crime of violence, he would not have been classified as a career offender, and his sentence would have been much lower.

This court should note that the record does NOT show that U.S. District Judge Barbara Crabb sentenced Mitchell under the so-called "elements clause."

The record is silent as to whether the Court applied the USSG residual clause in calculating Mitchell's base offense level. In such a context, Mitchell maintains that the Court should apply the harmless error analysis from Brecht v. Abrahamson, 507 U.S. 619 (1993) and O'Neal v. McAninch, 513 U.S. 432 (1995). Under Brecht/O'Neal, if a judge has "grave doubt" about whether an error was harmless, the judge must treat the error as if it was harmful. See O'Neal, 513 U.S. at 438, 442. In other words, if the Court applied the Brecht/O'Neal standard, the "tie" would go to Mitchell.

However, application of this standard necessarily assumes that an error occurred, which has not yet been established. See Simmons v. Blodgett, 110 F.3d 39, 41-42 (9th Cir. 1997) ("Finding facts to determine if there is a constitutional error is a wholly different thing from deciding whether or not an error, once found, affected the verdict.") To reach a question of harmless error,

the petitioner must first establish error by a preponderance of the evidence. See Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938); Simmons, 110 F.3d at 42. Like the Simmons court, this Court should decline to "extend O'Neal to the question of whether constitutional error has in fact occurred." 110 F.3d at 42.

Applying the proper standard here, Mitchell must show by a preponderance of the evidence that he was sentenced under the residual clause, as opposed to another provision of § 4B1.2. Armed Robbery is not one of the enumerated offenses in § 4B1.2(a)(2). Accordingly, the Court must have applied the residual clause unless it concluded that Armed Robbery, Ill. Crim. Code, Ch. 18 "has as an element the use, attempted use, or threatened use of physical force against the person of another" under § 4B1.2(a)(1), the so-called "elements clause."

The Court asserts that the applicability of the elements clause is not dispositive, because armed robbery is an enumerated crime of violence in Comment One of the application notes.

The Government views Comment One as the "fourth" standalone provision of the Guidelines. This position is untenable. As the Seventh Circuit astutely observed, "the application notes are interpretations of, not additions to, the Guidelines themselves; an application note has no independent force." United States v. Rollins, __ F.3d __, 2016 WL 4587028 at *4 (7th Cir. Aug. 29, 2016) (emphasis in original); see also Stinson v. United States, 508 U.S. 36, 44 (1993) ("[W]e think the Government is correct in suggesting that the elements clause is inherently inconsistent

with an enumerated list of crimes, given that such enumeration
would render an elements inquiry useless. Accord Rollin, 2016
WL 4587028 at *4 ("[T]he Sentencing Commission has interpreted
the residual clause in § 4B1.2(a)(2) to include the specific
crimes listed in application note 1.") Accordingly, in the absence
of the residual clause, Comment One is toothless. See Dietrick,
2016 WL 4399589 at *4 ("[T]he Court should find that the commentary
cited by the court exists for the purpose of interpreting the now-
invalidated residual clause.")

In light of Johnson II, "because the residual clause in
§ 4B1.2(a)(2) is unconstitutional, the application note's list
of qualifying crimes is inoperable and cannot be the basis for
applying the career-offender enhancement." Rollins, 2016 WL
4587028 at *4.

The Court acknowledges that Comment One repeats the enumerated
crimes from § 4B1.2(a)(2). The Court does not read this as
inconsistent with Comment One's applicability to the residual
clause. Rather, the Court reads this repetition as clarifying what
conduct constitutes a "serious potential risk of physical injury
to another."

Turning back to the language of the Guidelines, the Court
must consider whether it is more likely that Mitchell was
sentenced under the elements clause or the residual clause. The
Court calculated Mitchell's offense level based on its acceptance
of the parties' stipulation that he committed a qualifying crime
of violence. At the time the stipulation was made, the residual

clause was alive and well, and came with an explicit instruction that it included armed robbery. Taking a common sense approach, it appears quite likely that the residual clause informed the parties' stipulation and the Court's approval thereof.

This is especially likely inlight of the myriad problems with applying the elements clause. When considering whether a defendant's prior or current convictions counts as one of the ACCA's enumerated offenses, courts must employ the categorical approach. See Descamps, 133 S.Ct. at 2283. Although binding precedent has not established that courts do the same when evaluating the elements clause, the Court finds such an approach prudent and follows the Fourth Circuit's lead in doing so. See United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (applying the Descamps approach to assess whether North Carolina common law robbery meets the elements clause definition of a "violent felony" under the ACCA). To qualify as a categorical match with the elements clause, armed robbery must have as an element "the use, attempted use, or threatened use of physical force against the person of another." See USSG § 4B1.2(a)(1). However, it is not enough that the armed robbery simply contain the use or threat of force as an element. Rather, a court must focus on the minimum culpable conduct in which the Government would seek to enforce the law. Moncrief v. Holder, 133 S.Ct. 1678, 1684 (2013).

Although Descamps had not been decided at the time of Mitchell's sentencing, as the Government pointed out, Descamps was "in the end, just applying Taylor v. United States, 495 U.S. 575 (1990)".

Taylor required a categorical approach and was effective at the time of sentencing. Furthermore, the Court will not ignore Supreme Court precedent decided in the interim which "to some degree, clear[s] the mire of decisional law...[and] provide[s] greater uniformity." United States v. Ladwig, __ F. Supp.3d __, 2016 WL 3619649 at *5 (E.D. Wash. June 28, 2016); see also Murray v. United States, 2015 WL 7313882 (W.D. Wash. Nov 19, 2015) (holding that a Johnson petitioner—originally sentenced in 1996—had established prejudice since application of Descamps made clear that he could not be sentenced under other provisions of ACCA).

As an initial matter, the Court notes that at the time of Mitchell's sentencing, it was established that the "use, attempted use, or threatened use of physical force" must be intentional. United States v. Narvaez-Gomez, 489 F.3d 970 976 (9th Cir. 2007); United States v. Esparza-Herrera, 557 F.3d 1019, 1022 n.3 (9th Cir. 2009). Additionally, the U.S. Supreme Court made clear that "the phrase 'physical force' mean[t] violent force—that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140 (emphasis in original). Therefore, if one may be convicted of armed robbery under Ill. Crim. Code Ch. 18 without the intentional use, attempted use, or threatened use of violent physical force against the person of another, then it is not a crime of violence under the elements clause of § 4B1.2. The Court should conclude that armed robbery is not a crime of violence under the elements clause for the following reasons.

ILLINOIS ARMED ROBBERY, Ill. Crim. Code, Ch. 38

**(720 ILCS 5/18-1) (from Ch. 38, par. 18-1)**
Sec. 18-1. Robbery; aggravated robbery.
(a) Robbery. A person commits robbery when he or she
knowingly takes property, except a motor vehicle covered by
Section 18-3 or 18-4, from the person or presence of another
by the use of force or by threatening the imminent use of
force.
   (b) Aggravated robbery.
      (1) A person commits aggravated robbery when he or
she violates subsection (a) while indicating verbally or
by his or her actions to the victim that he or she is
presently armed with a firearm or other dangerous weapon,
including a knife, club, ax, or bludgeon. This offense
shall be applicable even though it is later determined
that he or she had no firearm or other dangerous weapon,
including a knife, club, ax, or bludgeon, in his or her
possession when he or she committed the robbery.
      (2) A person commits aggravated robbery when he or
she knowingly takes property from the person or presence
of another by delivering (by injection, inhalation,
ingestion, transfer of possession, or any other means) to
the victim, without his or her consent, or by threat or
deception, and for other than medical purposes, any
controlled substance.
(c) Sentence.
Robbery is a Class 2 felony, unless the victim is 60 years
of age or over or is a person with a physical disability, or
the robbery is committed in a school, day care center, day
care home, group day care home, or part day child care  facility,
or place of worship, in which case robbery is a Class 1 felony.
Aggravated robbery is a Class 1 felony.
   (d) Regarding penalties prescribed in subsection (c) for
violations committed in a day care center, day care home, group
day care home, or part day child care facility, the time of day,
time of year, and whether children under 18 years of age were
present in the day care center, day care home, group day care
home, or part day child care facility are irrelevant. (Source:
P.A. 99-143, eff. 7-27-15.)
   **(720 ILCS 5/18-2) (from Ch. 38, par. 18-2)**
Sec. 18-2. Armed robbery.
(a) A person commits armed robbery when he or she violates
Section 18-1; and
   (1) he or she carries on or about his or her person or is
otherwise armed with a dangerous weapon other than a
firearm; or
   (2) he or she carries on or about his or her person or is
otherwise armed with a firearm; or
   (3) he or she, during the commission of the offense,
personally discharges a firearm; or

17

(4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person.
(See full text, Exhibit B).

In Mathis v. United States, No. 15-6092, the Supreme Court has held that a state statute that provides alternative means for committing an element of a crime do not qualify defendant to sentencing enhancement as a violent offender.

The Supreme Court held:

> This case is resolved by this Court's precedents, which have repeatedly held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See e.g., Taylor, 495 U.S., at 602. The "underlying brute facts or means" by which the defendant commits his crime, Richardson v. United States, 526 U.S. 813, 817, make no difference; even if the defendant's conduct, in fact, fits within the definition of the generic offense, the mismatch of elements saves him from an ACCA sentence. ACCA requires a sentencing judge to look only to "the elements of the [offense], not to the facts of [the] defendant's conduct." Taylor, 495 U.S. at 601.

This court can clearly see that the Illinois Armed Robbery statute does in fact list alternative means of committing the crime of armed robbery. If this court applies the categorical approach to this statute, they would have to determine that it is too broad, and simply cannot survive the categorical approach and framework set for by the Supreme Court in Mathis and Descamps.

Definition (a) could possibly fit within the force clause, but definition (b) does not. Just because a person is carrying a dangerous weapon on his or her person, does not cross the "force" threshold of Johnson I, 2010. By this fact alone, the statute is too broad on its face and does not survive the categorical approach. See Mathis v. United States, No. 15-6092. The court focuses on definition (a) of the statute and does not apply the categorical approach as required by Mathis and Taylor.

Just because a person is armed, whether displayed or concealed, this does not fit the "force clause", on a direct threat of violence. Several courts, specifically the Ninth Circuit, have rejected the notion that implicit in intimidation is a threat of violent force. United States v. Parnell, 818 F.3d 974, 980 (9th Cir. 2016). ("[An] uncommunicated willingness or readiness to use [physical] force...is not the same as a threat to do so"). The court cited to cases "before" Mathis and did not apply the framework set forth by the Supreme Court in Mathis. The fact that Illinois armed robbery can be committed just by "carrying a weapon," does not require force or any force at all, which is required by Johnson I, (2010).

Finally, even if this Court were to accept that robbery is an enumerated offense, armed robbery would still not qualify. Under the categorical approach, the sentencing court looks only to the elements of the prior or current offense and compares them to the "generic" crime. Descamps, 133 S.Ct. at 2283 (quoting Taylor, 495 U.S. at 599). "If the statute sweeps more broadly

than the generic crime, a conviction under that law cannot count as a[]...predicate" crime of violence, "even if the defendant actually committed the offense in its generic form." Id.

In sum, although the case law did not necessarily prevent the Court from sentencing Micthell under the elements clause, there was enough unfavorable case law at the time to draw doubt as to the element clause's applicability. This fact, stacked against the explicit clarity of Comment One—which interpreted the residual clause—makes it more likely than not that Mitchell was sentenced under the residual clause. Mitchell has shown by a preponderance of the evidence that the Court relied on the residual clause of USSG § 4B1.2(a)(2) in finding his current and previous offenses were "crimes of violence" triggering the career offender enhancements.

### HARMLESS ERROR

Before this court can offer relief, Mitchell still bears the burden of showing his unconstitutional sentence had a "substantial and injurious" effect on him. Mitchell argues he can show "actual prejudice."

The record does not show that District Court Judge Barbara Crabb sentenced Mitchell under the elements clause, and since Mitchell's prior conviction for Armed Robbery is not an enumerated offense, it is more likely than not that Judge Crabb relied on the residual clause to qualify Mitchell as a career offender.

In a recent decision by the Sixth Circuit Court of Appeals in Ivey v. United States, No. 09-1203-JDT-egb, the district

court also argued that petitioner's prior convictions for Aggravated Burglary were enumerated offenses, even when the record did not indicate whether the district court relied on the enumerated-offense clause or the residual clause. (As in this case). The court concluded "because Ivey may no longer qualify as an armed career criminal without the reliance on the residual clause, he has made a prima facie showing that his proposed claim relies on Johnson." (See Exhibit A).

Mitchell believes he has also made a prima facie showing that he too should receive relief. The court cannot point to any part of the record that would conclude that Mitchell was sentenced under the elements clause. The court should note that District Court Judge Crabb recused herself from this § 2255 litigation in this case.

### CONCLUSION

This court should conclude that Mitchell's motion does include Johnson and Mathis claims, and they are valid claims.

This court should also conclude that Mitchell's prior conviction for Illinois Armed Robbery is too broad and does not survive the categorical approach under Mathis.

Furthermore, because the record does not indicate whether the district court relied on the elements-clause or the residual clause, and because Mitchell may no longer qualify as a career-offender without reliance on the residual clause, his sentence should be vacated. His sentence is a violation of due process.

Respectfully Submitted,

Raydale Mitchell
Raydale R. Mitchell
Reg. No. 07514-090
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959